IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **TERRY LEE HENDRICK, JR.**<br><br>　　Plaintiff,<br><br>v.<br><br>**TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and I.C. SYSTEM, INC.**<br><br>　　Defendants. | )<br>)<br>)　**Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### PRELIMINARY STATEMENT

1.　This is an action for damages brought by an individual consumer, Terry Lee Hendrick, Jr., against TransUnion, LLC, Experian Information Solutions, Inc., and I.C. System, Inc., for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., as amended, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA").

### THE PARTIES

2.　Plaintiff, Terry Lee Hendrick, Jr. is an adult individual residing in Austin, TX.

3.　Defendant, Trans Union, LLC ("Trans Union"), is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4.　Defendant, Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

5. Defendant, I.C. System, Inc. (hereafter "I.C. System") is a business entity which has a principal place of business located at 444 East Highway 96, St. Paul, Minnesota, 55127. The principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

## JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8. At all pertinent times hereto, Defendant I.C. System was hired to collect a debt relating to a debt owed by Plaintiff's father (hereafter the "debt").

9. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

10. At all pertinent times hereto, Plaintiff was not responsible for the debt.

11. Notwithstanding the above, I.C. System has been falsely furnishing and/or reporting the information about the debt in connection with Plaintiff's credit history to credit reporting agencies including but not limited to Trans Union and Experian when it knew or should have known that the debt did not belong to Plaintiff.

12. Alternatively, due to Defendant Trans Union and Experian's faulty procedures, Defendants Trans Union and Experian mixed the credit file of Plaintiff and that of his father with respect to the debt.

13. The debt negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

2

14. Defendants Trans Union and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

15. Plaintiff has disputed the inaccurate information with Defendants Trans Union by following Trans Union's established procedures for disputing consumer credit information.

16. Plaintiff has disputed the inaccurate information with Trans Union from December 2014 through the present.

17. Notwithstanding Plaintiff's efforts, Trans Union has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Trans Union continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union has repeatedly published and disseminated consumer reports to such third parties from at least December 2014 through the present.

18. Despite Plaintiff's efforts, Trans Union has never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

19. Defendant I.C. System as such acted in a false, deceptive, misleading and unfair manner by reporting credit information that it knew or should have known was false.

20.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

21.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CLAIMS

### COUNT I – TRANS UNION
### VIOLATIONS OF THE FCRA

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – EXPERIAN
## VIOLATIONS OF THE FCRA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

31. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III – I.C. SYSTEM
## VIOLATONS OF THE FDCPA

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

38. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

    (b) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

42. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and 1692k(a)(3); and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated June 15, 2015